**EXHIBIT A TO SETTLEMENT AGREEMENT**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

|  |  |  |
|---|---|---|
| MINNESOTA MINING AND MANUFACTURING COMPANY & 3M INNOVATIVE PROPERTIES COMPANY, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 01-607 (JRT/AJB) |
| v. | ) ) | Judge John R. Tunheim Magistrate Judge Arthur J. Boylan |
| ACCO BRANDS, INC., and AMERICAN COVERS, INC., | ) ) ) | |
| Defendants. | ) ) | |
| 3M COMPANY, and 3M INNOVATIVE PROPERTIES COMPANY, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 02-4891 (JRT/AJB) |
| v. | ) ) | Judge John R. Tunheim Magistrate Judge Arthur J. Boylan |
| VELO ENTERPRISE CO., LTD., | ) ) | |
| Defendant. | ) ) | |

**CONSENT JUDGMENT**

The Parties having considered the facts and applicable law and having agreed to the entry of this Judgment, it is therefore found, adjudged, and decreed as follows:

**FINDINGS OF FACT**

1.    Plaintiff 3M Company ("3M") is a Delaware corporation having its principal place of business at 3M Center, St. Paul, Minnesota 55133-3427.  3M Company

**EXHIBIT A TO SETTLEMENT AGREEMENT**

is in the business of manufacturing and selling a wide variety of consumer, commercial and industrial products, including ergonomic office products, such as gel-filled wrist rests.  3M Co. was formerly known as Minnesota Mining & Manufacturing Company.

      2.      Plaintiff 3M Innovative Properties Company ("3M IPC") is a Delaware corporation having its principal place of business at 3M Center, St. Paul, Minnesota 55133-3427.  3M IPC is a wholly owned subsidiary of 3M and is in the business of obtaining, managing and licensing intellectual property.

      3.      Defendant Velo Enterprise Company, Ltd. ("Velo") is a Taiwan corporation having its principal place of business at 1012 Sec. 1, Chung Shan Road, Tachia Chen, Taichung Hsien, 43742, Taiwan.  Velo is in the business of manufacturing and selling gel products including gel wrist rests.

      4.      Defendant ACCO Brands, Inc. ("ACCO") is a Delaware corporation having its principal place of business at 300 Tower Parkway, Lincolnshire, Illinois.  ACCO is in the business of selling office products including ergonomic products, such as gel wrist rests.

      5.      Defendant American Covers, Inc. ("ACI") is a Utah corporation having its principal place of business at 102 W 12200 South, Draper, Utah.  ACI is in the business of selling computer related products and accessories including gel wrist rests.

      6.      On February 3, 1998, United States Patent No. 5,713,544 ("the '544 patent") entitled "Wrist Rest Assembly" was issued to Plaintiff 3M as assignee of inventors Robert J. Wolf, Thomas Barnidge, Wayne K. Darvell, and Kenneth J. Kirchoff.  3M then assigned the '544 patent to 3M IPC, who is now the owner of all rights in the patent.

**EXHIBIT A TO SETTLEMENT AGREEMENT**

7.      On September 30, 2003, United States Patent No. 6,626,403 ("the '403

patent") entitled "Wrist Rest Assembly" was issued to 3M IPC as assignee of inventors

Robert J. Wolf, Thomas J. Barnidge, Wayne K. Darvell, and Kenneth Kirchoff.

8.      3M brought these consolidated actions against defendants for infringement

of the '544 patent and the '403 patent.

9.      All defendants have made, used, imported, offered for sale, and/or sold

products that infringe the '544 patent and the '403 patent.

10.     Any finding of fact which is deemed to be a Conclusion of Law is hereby

adopted as such.

11.     The Parties seek to terminate this litigation through this Consent

Judgment.

## CONCLUSIONS OF LAW

12.     This is an action for patent infringement arising under the patent laws of

the United States, 35 U.S.C. § 271 *et seq.*  This Court has jurisdiction over the subject

matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13.     This Court has personal jurisdiction over the parties, and venue is proper

in this district pursuant to 28 U.S.C. § 1400(b).

14.     All the claims of the '544 patent are valid and enforceable based on the

Defendants' past, present, and future gel wrist rest products.

15.     All the claims of the '403 patent are valid and enforceable based on the

Defendants' past, present, and future gel wrist rest products.

**EXHIBIT A TO SETTLEMENT AGREEMENT**

16.     The parties intend and this Court explicitly orders that the issues of infringement are hereby finally concluded and disposed of and that this Consent Judgment bars Defendants from contending in this action or any other proceeding that the products in suit and other products that are only colorably different do not infringe the '544 and the '403 patents.

17.     This Judgment shall finally conclude and dispose of this litigation, and, as to all parties, this Judgment shall be entitled to issue and claim preclusion effect in future litigation or Patent Office proceedings related to the '544 patent or the '403 patent, even with respect to materially different gel wrist rest products.  Issues of claim interpretation and infringement are expressly preserved with respect to material differences between future products and the products in suit.

18.     Any Conclusion of Law which is deemed to be a Finding of Fact is hereby adopted as such.

**IT IS HEREBY FOUND, ORDERED, ADJUDGED, AND DECREED THAT:**

A.     Damages for past infringement and for Defendants' future use of the inventions of the '544 patent and the '403 patent shall be in accordance with a Settlement Agreement and License Agreement made and entered into by the parties on June 30, 2004.

B.     Defendants, including their officers and directors, agents, servants, employees, attorneys, and all persons controlling or in active concert or participation with, through, or under them are hereby enjoined from directly or indirectly infringing any claim of the '544 patent and the '403 patent.

**EXHIBIT A TO SETTLEMENT AGREEMENT**

     C.     This Court retains exclusive jurisdiction of this action for the purpose of insuring compliance with this Judgment and enforcement of the Settlement and License Agreements.

     D.     No appeal shall be taken by any party from this Consent Judgment, the right to appeal being expressly waived by all parties.

     E.     This Consent Judgment shall finally conclude and dispose of all claims and counterclaims of all parties with prejudice.

     G.     Each party shall bear its own costs and attorney's fees.

     H.     Final Judgment shall be entered hereto, forthwith, without further notice.

     The Clerk is directed to enter this final Consent Judgment forthwith.

IT IS SO ORDERED.

Dated: July 28, 2004

                            s/John R. Tunheim
                            The Honorable John R. Tunheim
                            United States District Judge

HEREBY STIPULATED AND AGREED TO:

                            3M COMPANY AND
                            3M INNOVATIVE PROPERTIES COMPANY

                            By their attorneys,

Dated: July 16, 2004

                            Alan G. Carlson (#14,801)
                            Matthew J. Goggin (#210,705)
                            CARLSON, CASPERS, VANDENBURGH
                              & LINDQUIST
                            225 South Sixth Street, Suite 3200
                            Minneapolis, MN  55402
                            Phone:  (612) 436-9600

**EXHIBIT A TO SETTLEMENT AGREEMENT**

VELO ENTERPRISE CO., LTD.,
ACCO BRANDS, INC., AND
AMERICAN COVERS, INC.

By their attorneys,

Dated: _July 16, 2004_

Steven E. Adkins
Elizabeth Miller Roesel
Chad D. Wells
SHAW PITTMAN, LLP
1650 Tysons Boulevard
McLean, VA 22102
Phone: (703) 770-7900